703 P.2d 563

**STATE of Arizona, Appellee,**

v.

**Paul Cecil O'CONNOR, Appellant.**

**1 CA–CR 8208.**

Court of Appeals of Arizona,
Division 1, Department D.

July 2, 1985.

Judgment set aside and remanded.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Homer W. Forrester, Lake Havasu City, for appellant.

OPINION

GRANT, Judge.

The appellant, Paul Cecil O'Connor (defendant), was charged by indictment with Count I, burglary in the first degree, a class 2 dangerous felony committed with an accomplice; and Count II, theft, a class 3 felony. The defendant entered into a written plea agreement in which he agreed to plead guilty to Count II, theft, a class 3 felony. The plea agreement stipulated as follows:

> The defendant will receive a sentence of 7.5 years prison consistent with the following additional terms: Defendant to be sentenced as non-dangerous, non-repetitive offender. Defendant to cooperate fully with law enforcement officials in attempting to locate the stolen property.

The state, in exchange for the plea, agreed to dismiss Count I. Additionally the state did not file an allegation of prior conviction although the defendant had previously been convicted of second degree murder. However, the prior conviction was used as the aggravating circumstance to justify the increased sentence of 7.5 years in prison. Following a restitution hearing the defendant was sentenced to 7.5 years in prison and restitution was ordered in the amount of $4,150.

The defendant appeals challenging only the order of restitution. On appeal he raises the issue of whether the restitution was properly imposed and, if so, whether the amount was excessive.

The defendant first argues that the imposition of any restitution was improper because it was contrary to the stipulated plea agreement. At the time of the change of plea the court advised the defendant as follows:

THE COURT: You are entering into a plea agreement and are agreeing to plead "guilty" to Count II, Theft, a Class 3, as set forth in the indictment. In exchange for your plea agreement you would receive a sentence of 7.5 years in prison. You would be sentenced as a non-dangerous, non-repetitive offender. You would cooperate fully with law enforcement officials in attempting to locate the stolen property. Count I would be dismissed.

Is that your understanding of the plea agreement you are making, Mr. O'Connor?

THE DEFENDANT: Yes, sir.

At the change of plea hearing there was no mention of restitution by either the court, the prosecution or the defendant. The court said:

You are pleading to Count II of the indictment. It says that on or about the 15th of December, 1983, in the vicinity of 264 Marina Boulevard in Riveria, Mohave County, Arizona, that you controlled the property of a Benny Neal Roseberry, having a value of a thousand dollars or more.

What happened?

THE DEFENDANT: I took his truck, and I had to make my way to Texas, pick up my boat. That's as far as that went—is I took the truck.

Later in the same hearing the defendant said:

Because all I'm copping to is I took the truck and I readily admit it, that I took the truck, but that's as far as that goes.

The prosecutor then explained the basis of the burglary charge which was dismissed. The burglary count was also filed against two accomplices who took property from a house which the defendant shared with the victim and placed it in the victim's pickup truck. The prosecutor then stated: "The combined value of the property was approximately $4,537, but the vehicle itself was a '77 Ford pickup with wide tires, a sun roof, and the victim estimated that was worth at least a thousand dollars." The court asked whether the truck was recovered and was told by both the defendant and the prosecutor that the truck had been recovered.

At the time set for sentencing the defendant discovered that the presentence report not only recommended that he receive the stipulated sentence of 7.5 years in prison but that he pay restitution in the form of a fine in the amount of $6,850. The defendant objected to this amount and the court continued the matter for a restitution hearing. At the time set for the restitution hearing the court asked whether the restitution matter had been resolved. The defendant's attorney answered: "It hasn't been resolved, your Honor. We have witnesses here today to establish value of the property that was taken and what has been returned to the victim, with the hope that it will aid the court in coming to a fair figure for restitution." A restitution hearing followed at which numerous witnesses testified. The testimony concerned guns and various other items which made up Count I of the original indictment—the count that the state had agreed to dismiss. The court then proceeded to sentence the defendant to 7.5 years in prison with credit for presentence incarceration time plus $4,150 as restitution.

We have determined that restitution was contrary to the written plea agreement. We are dismayed that counsel has filed an opening brief raising valid issues on appeal but without a single citation to authority. Counsel has also failed to file a reply brief. *See generally State v. Lee*, 142 Ariz. 210, 689 P.2d 153 (1984); and *State v. Carriger*, 132 Ariz. 301, 645 P.2d 816 (1982).

The defendant was never advised of the possibility of restitution in the plea agreement or at the change of plea hearing. The written plea agreement contained a stipulated sentence but made no mention

whatsoever of restitution, nor was the restitution statute cited.[1] This court has held that "it is an abuse of discretion for a sentencing judge to require restitution by a defendant for a crime in which there is no admission or adjudication of guilt or liability, unless the defendant, in a plea agreement or otherwise, consents to such restitution." *State v. Reese,* 124 Ariz. 212, 214–15, 603 P.2d 104, 106–07 (App.1979); *see also State v. Pleasant,* 145 Ariz. 307, 701 P.2d 15 (1985). The imposition of restitution in this case was in effect a breach of the plea agreement because it was contrary to the stipulated sentence. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Sodders,* 130 Ariz. 23, 633 P.2d 432 (App.1981). Additionally the trial court failed to consider the economic condition of the defendant as required. A.R.S. § 13–603(C); *State v. Hawkins,* 134 Ariz. 403, 656 P.2d 1264 (App. 1982).

■ By this opinion we are holding that at a change of plea hearing the judge must inform the defendant that restitution may be imposed and that if there is a stipulated sentence in the plea agreement the stipulation must include restitution in order for restitution to be imposed.

■ Where the trial court has improperly imposed restitution this court may strike the order of restitution and affirm the remainder of the sentence. *State v. Monick,* 125 Ariz. 593, 611 P.2d 946 (App. 1980). However in this case we remand the case to allow the trial judge to accept the plea agreement with the stipulated sentence or to allow the defendant to withdraw his plea.

Having found the trial court's order of restitution to be improper for the reasons set forth we set aside the judgment of conviction and the sentence. The case is remanded for proceedings in accordance with this opinion.

MEYERSON, P.J., and HAIRE, J., concur.

1. A.R.S. § 13–603(C) (as amended by Laws 1984, Ch. 123 § 1, and Laws 1984, Ch. 124 § 1 effective August 3, 1984) reads:

C. If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of the economic loss as determined by the court and in the manner as determined by the court after consideration of the economic circumstances of the convicted person. Restitution ordered pursuant to this subsection shall be paid to the clerk of the court for disbursement to the victim. At the time of defendant's plea (May 30, 1984) it read:

C. If the court imposes probation it may also impose a fine as authorized by chapter 8 of this title and shall require the convicted person to make restitution to the victim of the crime in such amount and manner as the court may order, after consideration of the economic loss to the victim and economic circumstances of the convicted person.