876 P.2d 142

STATE of Idaho, Plaintiff–Respondent,

v.

James Harlo HORKLEY,
Defendant–Appellant.

No. 20373.

Court of Appeals of Idaho.

May 17, 1994.

Manweiler, Bevis & Cameron, P.A., Boise, for appellant. Howard I. Manweiler argued.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth argued.

PERRY, Judge.

James Harlo Horkley appeals from his judgment of conviction for felony vehicular manslaughter. I.C. § 18–4006(3). Horkley claims that because the magistrate previously accepted Horkley's guilty plea to misdemeanor manslaughter, the magistrate could not then revoke the acceptance and grant the state leave to amend the charge to a felony. Horkley claims that he is entitled to have the plea agreement specifically enforced and that double jeopardy barred the subsequent felony prosecution. For the reasons stated below, we vacate the felony conviction and order the magistrate to reinstate the guilty plea on the misdemeanor manslaughter charge as originally accepted. The case is remanded to the magistrate for sentencing on the misdemeanor manslaughter guilty plea.

## FACTS AND PROCEDURE

In the early morning hours of October 25, 1991, a vehicle carrying three people crashed on Red Road in Fremont County. Madelyn Banner, one of the passengers, was thrown from the car and died. There was evidence that James Horkley was the driver of the car at the time of the accident, though Horkley himself could not remember whether he was driving because of injuries he sustained in the accident.

Horkley was initially charged with misdemeanor manslaughter, I.C. § 18–4006(3)(c), and he entered an *Alford* plea to that charge. The magistrate accepted the plea, scheduled a sentencing hearing, and ordered a presentence investigation report to be prepared. At the sentencing hearing, in mitigation of the presentence investigation report's conclusion that Horkley was the driver, Horkley's counsel sought to introduce evidence to show that it was impossible to determine who was the driver of the vehicle.

The prosecution objected to the evidence regarding who was driving the car. The magistrate questioned defense counsel whether the evidence was meant to show that Horkley was not driving the car. When defense counsel indicated that it was, the magistrate immediately revoked his acceptance of the plea. The state was then granted leave to refile the charge as a felony. Horkley sought an immediate appeal from the magistrate's decision, but the district court denied this request. Horkley also sought certification from the district court for appeal to the Idaho Supreme Court under I.A.R. 12. This request was also denied.

At trial, the jury rendered a verdict of guilty on the charge of felony vehicular manslaughter. Horkley now appeals, claiming the magistrate erred in his decision to revoke acceptance of the original *Alford* guilty plea. He further asserts that because the plea had already been accepted by the magistrate, the subsequent felony prosecution was barred by the double jeopardy provisions of the United States and Idaho constitutions. Horkley also challenges the district court's denial of his request for certification to appeal from the magistrate's revocation of the original acceptance of his guilty plea.

## ANALYSIS

### A. THE MAGISTRATE'S REVOCATION OF THE ACCEPTANCE OF HORKLEY'S GUILTY PLEA

"The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged." *Santobello v. New York*, 404 U.S. 257, 260, 92 S.Ct. 495, 497, 30 L.Ed.2d 427 (1971). Idaho recognizes guilty pleas obtained through the plea bargaining process and sets forth the requirements and procedures relating to such pleas in I.C.R. 11.

■ In addition to the standard guilty plea where the defendant couples his plea with an express admission of guilt, most jurisdictions also recognize what is commonly called an "*Alford* plea." In an *Alford* plea, the defendant pleads guilty but does not admit committing the underlying offense. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Idaho recognized the validity of an *Alford* plea as early as 1981 when the Supreme Court stated that, "As long as there is a strong factual basis for the plea, and the defendant understands the charges against him, a voluntary plea of guilty may be accepted by the court despite a continuing claim by the defendant that he is innocent." *Sparrow v. State*, 102 Idaho 60, 61, 625 P.2d 414, 415 (1981), *citing Alford, supra.*

In the case before us, the magistrate overseeing the original arraignment understood that Horkley was entering an *Alford* plea. The following exchange took place at the arraignment:

[MR. HOOPES:] As a result of the accident, Mr. Horkley simply does not remember whether or not he was driving the car. Because of the evidence, there's substantial evidence that indicated he was driving and so he could have been found guilty should he have pled not guilty to either a felony or a misdemeanor.

THE COURT: So in essence, this will be an *Alford* plea?

MR. HOOPES: That is correct. So, we are entering a plea on that basis because when we looked at all the alternatives, it seemed wiser to plead guilty to the misdemeanor rather than face the possible consequences of a felony.

■ Generally, the court is under no obligation to establish a factual basis prior to accepting a guilty plea. *State v. Coffin*, 104 Idaho 543, 661 P.2d 328 (1983). However, several exceptions have arisen to this general rule. These exceptions include (1) when the defendant does not recall the facts of the incident which resulted in the charge, (2) is unwilling or unable to admit his participation in the acts constituting the crime, or (3) couples his plea with continued assertions of innocence. *Schmidt v. State*, 103 Idaho 340, 345, 647 P.2d 796, 801 (Ct.App.1982). Furthermore, after accepting a plea, but before sentencing, if the court receives information raising an obvious doubt as to whether the

defendant is in fact guilty, such an inquiry should be made. *Amerson v. State,* 119 Idaho 994, 996, 812 P.2d 301, 303 (Ct.App.1991). The reason for such an inquiry, however, is not to satisfy the court that the defendant is indeed guilty of the crime. Instead, such an inquiry should serve to indicate that the plea is knowingly, intelligently, and voluntarily being entered by the defendant, despite his or her continuing claim of innocence or inability to recall the facts of the incident. *Amerson, supra; State v. Hoffman,* 108 Idaho 720, 722, 701 P.2d 668, 670 (Ct.App.1985).

Under I.C.R. 11, the court has three options when a defendant pleads guilty:

> If the agreement is of the type specified in subdivision (d)(1)(A), (C) or (D), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.

▮ In this case, the magistrate accepted the agreement and did not defer its decision until sentencing. The state has claimed that the plea in question fell within the category of pleas defined by I.C.R. 11(d)(1)(B) and therefore the acceptance/rejection language quoted above would not necessarily be applicable. We disagree. Rule 11 defines four specific types of plea agreements as follows:

> The prosecuting attorney and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement, which may include a waiver of the defendant's right to appeal the judgment and sentence of the court, that upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecuting attorney will do any of the following:
>
> (A) move for dismissal of other charges; or
>
> (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding on the court; or
>
> (C) agree that a specific sentence is the appropriate disposition of the case; or

> (D) agree to any other disposition of the case.

In this case, the plea would properly fall under subsection (D). According to the transcript of the arraignment, prior to the filing of any charges, the prosecutor and defense counsel investigated and negotiated the facts of the case, finally agreeing that in exchange for the guilty plea, the charge would be filed in magistrate court as a misdemeanor. In effect, the potential charge of felony vehicular manslaughter was not filed by the state in exchange for the *Alford* guilty plea to the misdemeanor. By filing the charge as a misdemeanor in a magistrate court, the state limited the maximum possible punishment that Horkley could receive to one year in jail and a $2,000 fine. I.C. § 18–4007(3)(b). Therefore, though the eventual sentence was not agreed to, the state and Horkley had informally agreed to a disposition of the case as a misdemeanor by way of an *Alford* guilty plea.

After the state placed the factual basis for the plea in the record and the magistrate had questioned Horkley as to his understanding of the plea and its voluntariness, the court stated:

> THE COURT: With regard to this matter, Mr. Horkley, how do you plead?
>
> MR. HORKLEY: Guilty.
>
> THE COURT: All right. *I'll accept your guilty plea.* I will order, in this instance it sounds like we'd better have a presentence investigation.... [Emphasis added.]

No claim has been made in this case that Horkley did not voluntarily, knowingly and intelligently enter his plea of guilty. The issue before us, then, is whether the magistrate was bound by the acceptance of Horkley's *Alford* plea or whether the evidence presented at the sentencing was sufficient to warrant a revocation of the acceptance of the plea by the magistrate.

In *Holland v. Woodland,* 116 Idaho 184, 774 P.2d 894 (1989), the Idaho Supreme Court issued a Writ of Mandate ordering the district court to accept a plea pursuant to a previously written plea agreement. "[T]he Court rules as a matter of law that after a

conditional plea of guilty has been accepted by a trial court pursuant to Rule 11(d)(2) I.C.R., the rule requires that the trial court cannot thereafter revoke the acceptance of the conditional plea of guilty...." 116 Idaho at 184, 774 P.2d at 894. Although the agreement in this case was not written, I.C.R. 11 only specifies that conditional pleas under subsection 11(a)(2) need be in writing. There is no general requirement under the rule that other guilty pleas be in writing. Furthermore, the fact that the plea in *Holland* was conditional does not change the analysis as to the effect of the acceptance of the plea.

The rule announced in *Holland* has at least one exception. As stated in *Schmidt v. State,* 103 Idaho 340, 345, 647 P.2d 796, 801:

> [T]his holding does not diminish a court's obligation to conduct such an inquiry if—after a plea is entered but before sentence is imposed—the court receives information raising an obvious doubt as to whether the defendant is in fact guilty. In such circumstances, the trial court should inquire into the factual basis of the plea, either to dispel the doubt or to allow the defendant to plead anew.

*See also Amerson, supra; Fowler v. State,* 109 Idaho 1002, 1005, 712 P.2d 703, 705 (Ct. App.1985). This line of authority indicates that once a plea has been accepted, the court may withdraw its acceptance of the plea once information that raises an "obvious doubt" about the guilt has been brought to its attention. The court should conduct a factual inquiry and then withdraw acceptance of the plea if it appears that the plea has not been entered into voluntarily, knowingly or intelligently.

■ Other courts considering this very issue have held that once a guilty plea is accepted, the court cannot, *sua sponte,* revoke the acceptance absent some indication of fraud upon the court. *United States v. Cruz,* 709 F.2d 111, 114–15 (1st Cir.1983); *United States v. Blackwell,* 694 F.2d 1325, 1338 (D.C.Cir.1982); *State v. Dillon,* 242 Kan. 410, 748 P.2d 856, 861 (1988). Particularly worthy of note is *United States v. Cruz, supra,* where a situation nearly identical to the instant case occurred. The defendant in

*Cruz,* like Horkley, agreed to plead guilty to a misdemeanor charge in order to avoid the possible consequences should he be convicted of the felony. At the sentencing hearing, however, the federal district court, based on information contained in the presentence investigation report, revoked the acceptance of the plea. In *Cruz,* however, the defendant was granted an interlocutory appeal on the revocation of acceptance of the plea. The First Circuit Court of Appeals held that:

> Of course, the court initially had discretion to accept or reject the plea agreement or defer determination until, with the defendant's permission, it had examined the presentence report. But, once the court accepted the agreement, thereby binding the defendant and prosecution, it could not simply change its mind on the basis of information in the presentence report, at least where that information revealed less than a fraud on the court.

*Id.* at 114–15. (Citations omitted.)

Horkley's plea was accepted by the magistrate at the arraignment. Thus, acceptance of the plea should not have been revoked, *sua sponte,* absent information raising an obvious doubt about Horkley's guilt or some other indication that the plea was not proper. The magistrate's belief that the information presented for sentencing considerations was improper in the context of an *Alford* plea was not sufficient justification for revoking acceptance of the plea. The information presented at sentencing had, in fact, been disclosed *prior to* the acceptance of the plea by the magistrate. The record discloses that during the arraignment, Horkley's counsel sought to bring to the magistrate's attention the issue of whether Horkley was the driver:

> [MR. HOOPES:] I would further point out, Your Honor, that part of the basis for this plea, and I would like this a matter of record, is that Mr. Horkley was injured severely in the accident. A good share of the investigation, prior to the filing of this complaint on the part of both parties, was to determine who was driving the vehicle. There were three people in the car. Mr. Horkley was the owner of the vehicle.
>
> THE COURT: Okay. Well, I assume those issues have been resolved and this is

more appropriate for statements at the time and place of sentencing.

Therefore, there was nothing disclosed or raised at sentencing that had not already been brought to the attention of the magistrate; the foregoing comments by the magistrate indicated that Horkley's culpability as the driver of the vehicle could be further explored at the sentencing hearing. Furthermore, even if the evidence had been presented for the first time at sentencing, it was not evidence that raised an obvious doubt about Horkley's guilt. The information was only intended to show that there was at least some question whether Horkley was driving, despite the presentence investigation report's conclusion to that effect. Horkley did not move the magistrate to withdraw his plea based upon the information in the report and, in fact, objected to the magistrate doing so *sua sponte.*

We therefore hold that the magistrate erred by revoking its acceptance of the *Alford* guilty plea at the time of sentencing and allowing the prosecutor to then refile the charge as felony vehicular manslaughter. The issue then becomes the remedy available to Horkley for the erroneous revocation, now that Horkley has been found guilty by a jury of the felony charge.

## B. SPECIFIC PERFORMANCE OF THE PLEA AGREEMENT

■ Once a defendant's plea agreement has been entered, the defendant has some enforcement rights analogous to those in contract law. *State v. Rutherford,* 107 Idaho 910, 914, 693 P.2d 1112, 1116 (Ct.App.1985). One possible remedy for the breach of a plea agreement is specific performance of the terms of that agreement. *Santobello v. New York,* 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). We also agree with the statement of many federal courts that a court, as well as the prosecution and defendant, is bound by the agreement *once the plea is accepted without qualification. United States v. Blackwell,* 694 F.2d 1325, 1339 (D.C.Cir.1982). *See also, United States v. Partida–Parra,* 859 F.2d 629, 635 (9th Cir.1988); *United States v. Holman,* 728 F.2d 809 (6th Cir.1984). As we have stated

above, there are limited circumstances where the acceptance of such plea may be properly revoked. But as here, where we have determined that the revocation of the plea was unwarranted, one proper remedy is specific performance of the agreement. On appeal, Horkley has asserted that performance is the proper remedy in his case. We agree. Therefore, we remand this case to the magistrate to reinstate the *Alford* guilty plea to the misdemeanor charge and proceed with sentencing on that charge. The subsequent felony charge, which was based on the misdemeanor guilty plea being revoked, must be vacated.

## C. REMAINING ISSUES

Horkley also asserts that his request for an immediate appeal to the district court from the magistrate's order and his request for certification of appeal to the Idaho Supreme Court were improperly denied. This issue, however, is now moot. The effect of our decision today renders a discussion of the denial of Horkley's requested interlocutory appeals unnecessary.

As part of the issues on appeal, Horkley further claims that the subsequent felony prosecution was barred by double jeopardy. Because of the conclusion we have reached above, that Horkley is entitled to specific performance of the plea agreement, we need not consider this issue. Likewise, the state has raised the issue of whether any double jeopardy argument should be barred by Horkley's failure to raise double jeopardy prior to the felony proceedings as required by I.C.R. 12(b)(6). Again we need not address this issue.

## CONCLUSION

At the time of his arraignment on the misdemeanor charge of vehicular manslaughter, Horkley entered a valid *Alford* plea which the magistrate accepted. Such a plea is coupled with a continued claim of innocence, as was the case here. We hold that the magistrate erred by later revoking acceptance of the plea when Horkley attempted to introduce evidence in mitigation of the presentence investigator's conclusion that Hork-

ley was the driver. Because the revocation was invalid, Horkley is entitled to specific performance of the plea agreement. We therefore vacate the felony vehicular manslaughter conviction in the district court and remand this case to the magistrate for sentencing on the original *Alford* plea entered for misdemeanor vehicular manslaughter.

WALTERS, C.J., and LANSING, J., concur.