64 P.3d 335

In the Interest of John Doe, a Child under eighteen years of age.

STATE of Idaho, Plaintiff–Respondent,

v.

John DOE, Defendant–Appellant.

No. 27967.

Court of Appeals of Idaho.

Jan. 7, 2003.

Edgar R. Frachiseur, Mountain Home, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

In proceedings brought under the Juvenile Corrections Act, Doe was convicted of disturbing the peace. At the State's request, the magistrate subsequently ordered that Doe pay restitution to the victim. Doe appeals from the order of restitution. Because we hold that the State's request for an order of restitution breached the terms of the parties' plea agreement, we vacate the order.

## BACKGROUND

Doe, a minor, was charged with battery for a schoolyard fight in which another student's hand was broken. Doe and the State arrived at a plea agreement by which he agreed to admit guilt on an amended charge of disturbing the peace and the State agreed to recommend an informal adjustment on the amended charge. It was further agreed that Doe would be placed on probation, required to perform community service, and required to write a letter of apology to the victim or a two-page essay on self-defense. The agreement was not reduced to writing but was orally presented to the court at a combined plea and sentencing hearing. Neither party's specification of the terms of the plea agreement mentioned the possibility that Doe could be ordered to make restitution to the victim, and the court did not inquire about restitution.

The magistrate accepted the plea, placed Doe on probation for six months, and ordered Doe to complete ten hours of community service and to write either a letter of apology or an essay on self-defense. Neither the magistrate court's remarks at sentencing nor the written judgment included any reference to restitution. Doe quickly performed the required community service and wrote an essay on self-defense.

Thereafter, the State moved for an order requiring Doe to make restitution to the victim for medical expenses. Over Doe's objection, the magistrate granted the motion and ordered that Doe or his parents pay the victim's parents $154.53, representing half of the victim's expenses for treatment of his broken hand. Doe appealed the restitution

order to the district court, which affirmed. He now appeals to this Court.

## ANALYSIS

Doe asserts that the State's request for a restitution order was a violation of the plea agreement because that agreement did not call for restitution. The State responds that it is not in breach because the plea agreement did not require the State to remain silent on the issue of restitution.

The United States Supreme Court's decision in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), establishes that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. 495. *See also State v. Potts,* 132 Idaho 865, 867, 979 P.2d 1223, 1225 (Ct.App. 1999). This principle that the State must assiduously adhere to terms of a plea bargain is grounded in the Due Process Clause and the well-established rule that, to be valid, a guilty plea must be both voluntary and intelligent. *Mabry v. Johnson,* 467 U.S. 504, 508–09, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *State v. Rutherford,* 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985). If the prosecution breaches a promise made in a plea agreement, the defendant pleads guilty on a false premise and is entitled to relief. *Mabry,* 467 U.S. at 509, 104 S.Ct. 2543; *State v. Seaman,* 125 Idaho 955, 957, 877 P.2d 926, 928 (Ct.App.1994).

Because plea agreements are contractual in nature, they are generally examined by courts in accordance with contract law standards. *See, e.g., United States v. Sutton,* 794 F.2d 1415, 1423 (9th Cir.1986); *State v. Claxton,* 128 Idaho 782, 785, 918 P.2d 1227, 1230 (Ct.App.1996). As with other types of contracts, the interpretation of a plea agreement and its legal effect are questions of law to be decided by the Court if the terms are clear and unambiguous. *State v. Barnett,* 133 Idaho 231, 234, 985 P.2d 111, 114 (1999); *Claxton,* 128 Idaho at 785, 918 P.2d at 1230. Contractual terms that are implied by the plea agreement, as well as

those expressly provided, must be considered by the court. *United States v. Bunner*, 134 F.3d 1000, 1003 (10th Cir.1998).

We have held that where the prosecutor makes sentencing recommendations which are not expressly provided in the plea agreement, but which are consistent with and impliedly recognized within the express terms, no breach occurs. Thus, in *Potts*, we held that a plea agreement calling for the prosecutor to recommend two weeks' incarceration followed by probation was not breached when the prosecutor also recommended that the suspended portion of the defendant's sentence be "significant" and recommended a specific condition of probation. We reasoned that an agreement to recommend probation encompasses a recognition that there will be a. suspended sentence and terms of probation. *Potts*, 132 Idaho at 867, 979 P.2d at 1225. Similarly, in *State v. Brooke*, 134 Idaho 807, 10 P.3d 756 (Ct.App.2000), we held that a prosecutor's recommendation that the defendant be placed on probation with a requirement for sex offender treatment was not inconsistent with the prosecutor's agreement to recommend a suspended sentence because a recommendation for the suspension of a sentence inherently contemplates probation. Most recently, in *State v. Fuhriman*, 137 Idaho 741, 745, 52 P.3d 886, 890 (Ct.App.2002), we held that no breach occurred where the State agreed to recommend "not more than a rider" and, at the sentencing hearing, additionally recommended that the underlying sentence be of four to seven years' duration. The agreement to recommend not more than a rider, we held, implicitly recognized that there would be an underlying sentence.

■ The present case differs significantly from *Potts, Brooke,* and *Fuhriman,* because nothing in the terms of Doe's plea agreement carried an implication that an order of restitution would be included. Where neither the plea agreement nor the court accepting the plea has apprised the defendant of the possibility that he may be ordered to make restitution, the prosecutor may not request restitution after the defendant has pleaded guilty in reliance upon the agreement. *See United States v. Kamer*, 781 F.2d 1380, 1388–89 (9th Cir.1986) (holding that written plea agreement which failed to mention restitution contained implied term that government would not request order of restitution); *State v. O'Connor*, 146 Ariz. 16, 703 P.2d 563, 565–66 (Ct.App.1985) (holding that prosecutor breached plea agreement by seeking order of restitution where neither plea agreement nor sentencing court informed defendant that restitution might be imposed).

In this case, the State's agreement to an informal adjustment, with Doe being required to comply with various conditions of probation, implied that the State would not request any additional consequence for Doe. Therefore, it was a breach of the plea agreement when the State requested an order of restitution after Doe had pleaded guilty in reliance on the agreement.

■ When a plea agreement has been violated by the prosecution, as a remedy the court may order specific performance of the agreement or may permit the defendant to withdraw the guilty plea. *Santobello*, 404 U.S. at 263, 92 S.Ct. 495; *Seaman*, 125 Idaho at 957, 877 P.2d at 928; *State v. Horkley*, 125 Idaho 860, 865, 876 P.2d 142, 147 (Ct.App. 1994); *Rutherford*, 107 Idaho at 916, 693 P.2d at 1118. Here, it is undisputed that Doe has performed the required community service, written the essay on self-defense, and otherwise complied with the terms of the original judgment, and the State has received the benefit of its bargain. It would therefore be unjust to merely allow Doe to withdraw his guilty plea and face the possibility of being tried and resentenced for the same offense. A remedy of specific performance, on the other hand, will hold the State to its agreement, give Doe the terms that he bargained for, and bring this case to an end. Accordingly, we reverse the order for restitution but do not otherwise disturb the judgment of conviction.

Judge PERRY and Judge GUTIERREZ CONCUR.