IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 39743

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 454 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 23, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALLEN WAYNE GILLESPIE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Owyhee County. Hon. Gregory M. Culet, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

_____

PERRY, Judge Pro Tem

Pursuant to a binding I.C.R. 11 plea agreement, Allen Wayne Gillespie pled guilty to felony driving under the influence (DUI).[1] The district court imposed a unified sentence of seven years, with a minimum period of confinement of three years. However, pursuant to the plea agreement, the district court suspended the sentence and retained jurisdiction for one year while Gillespie participated in a rider.[2] Following a period of retained jurisdiction, the North Idaho Correctional Institution (NICI) recommended that the district court relinquish jurisdiction. Thereafter, the district court relinquished jurisdiction. Gillespie appeals, contending that the

_____

[1] Gillespie also pled guilty to three misdemeanors--driving without privileges, resisting and obstructing an officer, and assault. However, these judgments of conviction and accompanying sentences are not subject to this appeal.

[2] While the plea agreement contemplated Gillespie would participate in the Correctional Alternative Placement program, he was ultimately determined ineligible for that program and was placed, instead, in the Therapeutic Community program.

1

district court abused its discretion in relinquishing jurisdiction and in failing to sua sponte reduce his sentence under I.C.R. 35.

As a preliminary matter we address the state's contention that Gillespie waived his right to appeal the decision to relinquish jurisdiction and the asserted error under I.C.R. 35. A defendant's waiver of the right to appeal as a term of a plea bargain is generally valid and enforceable. I.C.R. 11(d)(1); *State v. Murphy*, 125 Idaho 456, 457, 872 P.2d 719, 720 (1994). Because plea agreements are contractual in nature, they generally are examined by courts in accordance with contract law standards. *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005); *State v. Doe*, 138 Idaho 409, 410-11, 64 P.3d 335, 336-37 (Ct. App. 2003); *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct. App. 2002). As with other types of contracts, the interpretation of unambiguous terms and the legal effect of the plea agreement are questions of law to be decided by the court. *Doe*, 138 Idaho at 410-11, 64 P.3d at 336-37.

The plea agreement provided that Gillespie waived "Idaho Criminal Rule 35 relief." Therefore, we hold that Gillespie's appellate challenge to the district court's failure to sua sponte reduce his sentence under I.C.R. 35 was waived by his plea agreement. *See State v. Rodriguez*, 142 Idaho 786, 787, 133 P.3d 1251, 1252 (Ct. App. 2006). The waiver of the right to appeal in Gillespie's plea agreement does not contain any specific language that the waiver would extend to the subsequent decision on whether to relinquish jurisdiction. However, we need not decide in this case whether a general waiver of "appeal" is sufficient to waive the right to appeal from a subsequent order relinquishing jurisdiction because, it is plain from the record, the district court did not abuse its discretion in relinquishing jurisdiction.

A trial court's decision whether to retain jurisdiction is, like the original sentencing decision, a matter committed to the trial court's discretion. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992). Retained jurisdiction allows the trial court an extended time to evaluate a defendant's suitability for probation. *State v. Vivian*, 129 Idaho 375, 379, 924 P.2d 637, 641 (Ct. App. 1996). The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. *State v. Atwood*, 122 Idaho 199, 201, 832 P.2d 1134, 1136 (Ct. App. 1992). The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102

2

Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

Gillespie asserts that the district court failed to adequately consider mitigating circumstances in the record. Specifically, Gillespie puts emphasis on the sexual abuse he suffered as a child and that he did not receive counseling or treatment to address the adverse effects of this abuse. Gillespie also argues that depression continues to affect him and, because he has dyslexia, it may take longer than normal for Gillespie to complete rehabilitative programs. Gillespie notes he has accepted responsibility for his actions in this case from the beginning and has offered apologies to the officers he resisted and assaulted. Last, Gillespie claims he presented substantial evidence of support from both family and members in the community. Gillespie argues that all of these factors, when considered together, demonstrate the district court abused its discretion in relinquishing jurisdiction.

However, a review of the record also demonstrates the following. Gillespie has an extensive criminal history that includes five felony convictions and over thirty misdemeanor convictions. The charge at issue here is Gillespie's second felony DUI conviction and his fifth DUI overall. A number of Gillespie's misdemeanor convictions are also alcohol-related offenses, including a DUI amended to a minor in possession, open container, and pedestrian under the influence. Moreover, the pre-sentence investigation report (PSI) indicates that Gillespie has a history of drug use. The PSI also provides that, while on probation in past years, Gillespie has continued to use drugs and alcohol. The PSI concludes that Gillespie poses a danger to the community and himself when he continues to operate motor vehicles while intoxicated. Therefore, Gillespie's criminal history and the information contained in the PSI supports the district court's concern that Gillespie poses a danger to the community.

According to reports from the Therapeutic Community (TC) program, Gillespie demonstrated an unwillingness to take direction from staff or other participants. The reports indicate Gillespie consistently fell back into his criminal thinking and behavior. Gillespie refused to break through his "criminal code," turning a blind eye to misconduct of others. Gillespie consistently broke both TC program rules and NICI rules. While staff and other participants of the TC program attempted numerous interventions, Gillespie ignored their input and feedback. The staff expressed concern for Gillespie's lack of responsibility and his continued criminal core beliefs. The addendum to the PSI concluded that Gillespie "remains a

3

high-risk for reoffending within the community" and recommended that the district court relinquish jurisdiction.

Gillespie waived his right to appeal with respect to I.C.R. 35 relief. Having reviewed the record in this case, we hold that the district court's decision to relinquish jurisdiction was within its discretion. Accordingly, we affirm the district court's order relinquishing jurisdiction.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**