IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 32774

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) 2007 Opinion No. 12 |
| Plaintiff-Respondent, | ) |
| | ) Filed: March 8, 2007 |
| v. | ) |
| | ) Stephen W. Kenyon, Clerk |
| NATHANIEL R. SHAFER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County.  Hon. Jeff M. Brudie, District Judge.

Order of restitution, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.  Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.  Daniel W. Bower argued.

_____

LANSING, Judge

Nathaniel R. Shafer pleaded guilty to a felony charge of leaving the scene of an injury accident, Idaho Code § 18-8007, and as a condition of probation was ordered to pay $18,013.95 in restitution for the personal injuries and property damages incurred by the other driver in the accident.  Shafer appeals the restitution order, asserting that the court was without statutory authority to order this restitution because the damages arose from the accident itself, not his crime of leaving the scene.  He also contends that he did not consent to pay this restitution as a term of his plea agreement.

## I.

## FACTUAL & PROCEDURAL BACKGROUND

Shafer's car collided with another vehicle in an intersection.  The other driver's car was a total loss, and she suffered several injuries requiring medical attention.  Shafer left the scene without providing any identification or assistance, but three months later was apprehended and

1

charged with leaving the scene of an injury accident, Idaho Code § 18-8007. Shafer entered into a plea agreement with the State by which he agreed to plead guilty, pay a fine, write an apology letter to the other driver, and pay restitution in an "amount to be determined." The State agreed to recommend a withheld judgment, a thirty-day jail sentence (of which half could be served as community service and the other half served on weekends), and three years of probation.

At sentencing, the district court imposed the recommended sentence. The State submitted several documents detailing the claimed restitution, but at defense counsel's request the court agreed to delay its decision on the amount of restitution until a status conference several weeks later so that defense counsel could review these documents. In doing so, the court noted that the amount of restitution was "going to be a very substantial amount under any circumstances," and ordered Shafer to begin paying $100 a month, beginning three months later.

At the status conference regarding the restitution, the State submitted evidence that the other driver had suffered losses in the amount of $18,013.95, which included her medical bills and the costs of replacing her vehicle. For the first time in the proceedings, Shafer objected to the restitution request, arguing that these damages were not attributable to the crime to which he had pleaded guilty--leaving the scene of the accident--but rather to the accident itself. The district court agreed, finding that no economic loss resulted from Shafer's criminal act of leaving the scene. The district court further found, however, that Shafer had consented to pay these items as a term of his plea agreement, and therefore ordered the restitution in the amount requested by the State. Shafer appeals.

## II.

## DISCUSSION

### A. The Victim's Losses Were Not the Result of Shafer's Criminal Conduct

Idaho Code § 19-5304(2) authorizes trial courts to order restitution to compensate crime victims. Shafer argues that this statutory authority did not empower the trial court to order the restitution here because the victim's losses did not result from the criminal act to which he pleaded guilty.

We agree. Idaho's restitution statute clearly permits restitution orders only for "any crime which results in an economic loss to the victim," I.C. § 19-5304(2), unless the parties consent to a broader restitution order. *See* I.C. § 19-5304(9). The statute defines "victim" as "a person or entity, who suffers economic loss or injury *as the result of the defendant's criminal*

2

*conduct*." I.C. § 19-5304(1)(e) (emphasis added). The term "economic loss" includes such things as "the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses *resulting from the criminal conduct*." I.C. § 19-5304(1)(a) (emphasis added). Thus, except where the parties have consented, a defendant cannot be required to pay restitution for damages stemming from separate, uncharged and unproven crimes. *State v. Richmond*, 137 Idaho 35, 38, 43 P.3d 794, 797 (Ct. App. 2002); *State v. Aubert*, 119 Idaho 868, 870, 811 P.2d 44, 46 (Ct. App. 1991), *overruled on other grounds by State v. Dorsey*, 126 Idaho 659, 662, 889 P.2d 93, 96 (Ct. App. 1995).

Our courts have never addressed in a published opinion whether the economic loss caused by a vehicular accident may be awarded as restitution for the defendant's crime of fleeing that accident. Many other jurisdictions have found, however, that such damages are not sufficiently related to the crime. Some courts have reasoned that a defendant's criminal act of leaving the scene of an accident is not causally related to the injuries that the victim sustained in the accident itself. For example, in *State v. Starkey*, 437 N.W.2d 573 (Iowa 1989), the defendant struck and seriously injured an individual who was parked along a highway changing her tire. He did not stop and was eventually charged with leaving the scene of a personal injury accident. He pleaded guilty to that charge, and was ordered to pay as restitution the victim's medical expenses. The appellate court reversed, noting that the statutory definitions of "restitution" and "victim" required a "causal connection between the conduct for which the defendant is convicted and the damages the victim suffers." *Id*. at 574. The court found that "[t]here is no evidence here that [defendant's] act of leaving the scene, the basis of the charge, either caused or aggravated the victim's injuries. . . . Had [the defendant] obeyed the law and remained, [the victim's] injuries . . . would have been the same." *Id*. at 575. *See also State v. Williams*, 520 So. 2d 276 (Fla. 1988); *Riner v. State*, 389 So. 2d 316 (Fla. Dist. Ct. App. 1980); *State v. Beaudoin*, 503 A.2d 1289 (Me. 1986); *State v. Joyce*, 681 N.W.2d 468 (S.D. 2004); *City of Walla Walla v. Ashby*, 952 P.2d 201, 203 (Wash. Ct. App. 1998), *overruled on other grounds by State v. Enstone*, 974 P.2d 828, 830-31 (Wash. 1999). Other courts have commented that a conviction for leaving the scene is not a determination that the defendant was at fault in the accident itself. For example, in *Lamar v. State*, 803 So. 2d 576 (Ala. Crim. App. 2001), the defendant pleaded guilty to leaving the scene of an accident and was ordered to pay the medical bills of the victims

injured in that accident. The appellate court reversed. It said that in pleading guilty, the defendant had admitted he was involved in an accident where injury or property damage occurred, that he had failed to remain at the scene, and that he had not provided his information; however, the court noted:

> The crime of "leaving the scene" does not require that the defendant *cause* the accident; it requires only that he be *involved* in the accident . . . [Defendant's] plea of guilty to the offense [of leaving the scene] did not result in a conviction for causing the accident that resulted in the injuries to [the victims], and, therefore, his guilty plea could not authorize the trial court to sentence him to pay restitution for injuries sustained as a result of the accident.

*Id.* at 578 (citations omitted). *See also State v. Skiles*, 704 P.2d 283, 284 (Ariz. Ct. App. 1985); *Commonwealth v. Cooper*, 466 A.2d 195, 196-97 (Pa. Super. Ct. 1983); *State v. Hartwell,* 684 P.2d 778, 780 (Wash. Ct. App. 1984), *overruled on other grounds by State v. Krall*, 881 P.2d 1040, 1041 (Wash. 1994).

In *State v. Eastman*, 637 P.2d 609 (Or. 1981),[1] the Oregon Supreme Court rejected an argument made by the State here--that because the occurrence of an accident is an element of the crime, the imposition of restitution is justified. In *Eastman*, two defendants were convicted of failure to stop at the scene and were ordered to pay restitution for the other drivers' medical expenses and repair bills. Reversing this restitution on appeal, the Oregon Supreme Court said:

> [T]he damages for which restitution was ordered resulted from the accidents. They did not result from the defendants' failure to remain. . . . Under the statute, the accident itself is neither criminal nor an activity. . . . [D]riving a vehicle which is involved in an accident is an element of a crime only in the sense that it is a fact which must be proved under the criminal statute, but it is not an act which defendant performed in the course of committing the crime. . . . Failure . . . to stop and perform statutory duties arising from the accident could be criminal activity, but the preceding accident is not.

*Id.* at 612.

The reasoning of these courts is applicable here. Under Idaho law, the elements of the crime of leaving the scene of an accident resulting in injury or death are: (1) the defendant was a

---

[1]    The holding of this case has since been superseded by statute; a new provision of the statute regarding leaving the scene of an accident now specifically provides that restitution may be imposed for the underlying accident. OR. REV. STAT. § 811.706 (1995). *See State v. Hval*, 25 P.3d 958, 966 (Or. Ct. App. 2001).

driver of a vehicle that was involved in an accident upon public or private property open to the public; (2) the defendant knew or had reason to know that the accident resulted in injury or death; (3) and the defendant failed to stop and provide his information and/or reasonable assistance. I.C. § 18-8007. To prosecute this offense, the State need not prove that the defendant was *responsible* for the accident, and a guilty plea for leaving an injury accident is not an admission of fault in the accident itself. A driver may be guilty of leaving the scene even when the other driver is wholly responsible for the accident. Under such circumstances, it would be not only unauthorized by I.C. § 19-5304, but also unjust to impose upon a defendant liability for economic loss caused by the accident.

Shafer's criminal act of leaving the scene and failing to provide information and assistance did not cause the injuries and property damage suffered by the other driver. It is possible, of course, that a victim could suffer injuries from a driver's unlawfully leaving the scene, as where the victim's injuries are aggravated or death results because the defendant did not stop and render aid. There is no evidence of such damages in this case, however. Thus, we agree with the district court's conclusion that no economic loss resulted from the criminal act to which Shafer pleaded guilty.

**B.      Shafer Consented to Pay Restitution as a Term of the Plea Agreement**

Although the restitution statute does not authorize imposition of restitution for economic losses not caused by the crime of which a defendant was convicted, defendants may consent to pay such costs as a term of a plea agreement. Idaho Code § 19-5304(9) permits the court, "with the consent of the parties," to enter an order for restitution to the victim or others "for economic loss or injury for crimes which are not adjudicated or are not before the court."[2] Accordingly, Shafer could consent to restitution for economic losses related to the accident for which he was not criminally charged.

---

[2]      In the past, we interpreted this statute to mean that a defendant could consent to the entry of an order of restitution for an unadjudicated charge, but only if that charge had been filed and was pending. *Aubert*, 119 Idaho at 871, 811 P.2d at 47. Subsequently, the legislature amended the statute to allow a defendant to consent to pay for economic losses even for unfiled charges. *See* 1991 Idaho Sess. Laws ch. 324, § 1.

The pertinent term of Shafer's plea bargain was his agreement to pay restitution in an amount to be determined. The parties acknowledged this term at the change of plea hearing, and the provision was also expressed on a preliminary settlement sheet submitted by the State.

Plea agreements are contractual in nature and generally are examined by courts in accordance with contract law standards. *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005); *State v. Doe*, 138 Idaho 409, 410-11, 64 P.3d 335, 336-37 (Ct. App. 2003); *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct. App. 2002). In interpreting the provisions of a contract, a court must first determine whether those terms are ambiguous or unambiguous, for the application of an unambiguous term is a question of law while the interpretation of ambiguous language presents a question of fact as to the parties' intent. *Doe*, 138 Idaho at 410-11, 64 P.3d at 336-37. Because the question whether a plea agreement is ambiguous is an issue of law, it is reviewed *de novo*. *Fuhriman*, 137 Idaho at 744, 52 P.3d at 889.

Generally, an agreement to pay restitution in a criminal case would probably be deemed to refer unambiguously to statutory restitution, i.e., those economic damages caused by the defendant's criminal conduct. The unique context of the crime of leaving the scene of an injury accident may lead to a different conclusion, however, because while the act of leaving the scene rarely causes economic loss, a closely related event, the accident itself, will almost always cause significant damages. In addition, there is often an implication--and in this case there is some evidence[3]--that the individual who fled the scene did so in an attempt to avoid liability for the accident. Under these circumstances, an agreement to pay restitution does not unambiguously refer only to any damages directly caused by leaving the scene, but may impliedly include the economic loss the victim suffered from the accident. Therefore, we hold that in the circumstances of this case, the term was ambiguous.

In interpreting an ambiguous contractual term, the fact finder must attempt to "discern the intent of the contracting parties, generally by considering the objective and purpose of the provision and the circumstances surrounding the formation of the agreement." *State v. Allen*, 143 Idaho 267, 272, 141 P.3d 1136, 1141 (Ct. App. 2006). If possible, ambiguous language in plea agreements should be resolved in favor of the defendant. *Fuhriman*, 137 Idaho at 745, 52

P.3d at 890; *State v. Cole*, 135 Idaho 269, 272, 16 P.3d 945, 948 (Ct. App. 2000) (citing *United States v. Feigenbaum*, 962 F.2d 230, 234 (2nd Cir. 1992)).  On appeal, however, we defer to a trial court's findings of fact unless they are clearly erroneous.  *State v. Hawkins*, 131 Idaho 396, 400, 958 P.2d 22, 26 (Ct. App. 1998).  Such findings are clearly erroneous only if they are unsupported by substantial and competent evidence.  *State v. Thomas*, 133 Idaho 682, 686, 991 P.2d 870, 874 (Ct. App. 1999).

In this case, there is substantial and competent evidence from which the district court could determine that the parties intended the term regarding restitution to impose upon Shafer the obligation to pay the losses that the other driver incurred in the accident.  There was no direct evidence presented by either party expressing their understanding of the term.  Shafer, who was challenging the restitution request, did not even present an affidavit that he had a contrary understanding or that his attorney had given a different explanation of the term when Shafer entered into the plea agreement.  The parties' intent must therefore be inferred from the circumstances.

First, we note that the very inclusion of a provision contemplating restitution suggests that both parties anticipated that restitution would be paid in some amount, which undermines Shafer's assertion that he believed that the amount would be zero because no damages arose from the criminal act.  Second, Shafer received an extremely lenient sentencing recommendation from the State.  In the absence of his agreement to pay a significant amount of restitution, there was very little consideration for the State's concessions.  Perhaps most significantly, when the prosecutor presented its evidence of the other driver's losses at sentencing, Shafer did not contest the claimed restitution as a matter of law, but indicated only that he needed time to review the State's documents.  He also made no protest when the district court commented that the restitution was "going to be a very substantial amount under any circumstances," and ordered Shafer to begin paying at $100 a month.  These circumstances suggest that both parties contemplated that the provision regarding restitution would encompass the other driver's medical

---

[3]    This case contained admissions and argument that Shafer did not possess a driver's license, illegally entered the intersection, and struck the victim's vehicle at an excessive rate of speed.

costs and property damage. We therefore find that there is sufficient evidence to support the district court's conclusion that Shafer agreed to pay for these losses as a term of his plea agreement.

## III.

## CONCLUSION

The trial court did not have statutory authority to order Shafter to pay restitution for the losses the other driver suffered in the underlying motor vehicle accident, because those damages were not a result of the crime to which Shafer pleaded guilty. Nevertheless, the trial court correctly found that Shafer consented to pay for these losses as a term of his plea agreement. We therefore affirm the order of restitution.

Chief Judge PERRY and Judge GUTIERREZ **CONCUR.**