**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37222**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 330 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: January 25, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MATTHEW DEAN CAMPBELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Penny E. Friedlander, District Judge.

Order denying restitution, <u>reversed</u>, and <u>case remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for respondent. Eric D. Fredericksen argued.

_____

GUTIERREZ, Judge

The state appeals from the district court's memorandum decision and order denying restitution. For the reasons set forth below, we reverse and remand for further proceedings.

## I.

## BACKGROUND

Matthew Dean Campbell was arrested after police found him in possession of a car full of goods stolen in a business burglary and a series of car burglaries. The state charged Campbell with burglary, grand theft, possession of a controlled substance, and possession of paraphernalia. Pursuant to a plea agreement, Campbell agreed to plead guilty in district court to burglary, grand theft, and possession of a controlled substance in exchange for the misdemeanor possession of paraphernalia charge being dismissed. On the plea offer form, a box labeled "Pay restitution" is checked, and on the line next to it is a notation that says "reserved." Also on the plea offer after

1

the heading "Other agreement," is a notation that says "Admit to all other cases @ x of plea; will not file add'l charges committed in Kootenai Cty as set forth in supplemental reports; mental health drug court if eligible."

At the change of plea hearing, the district court judge went through the provisions in the written plea agreement and made a note that the state had reserved the right to request restitution, but then requested the parties to explain the "Other agreement." The state explained that in exchange for not filing charges for several other alleged crimes identified in the state's discovery responses, Campbell was agreeing to admit to them so that the state could collect restitution for those crimes. Campbell indicated that he understood that to be the agreement. He then pled guilty to burglary, grand theft, and possession of a controlled substance; he also admitted to some of the other uncharged crimes for restitution purposes only. Campbell's sentencing was held in abeyance pending his participation in the drug court program.

Pursuant to an Idaho Supreme Court order issued before Campbell entered the drug court program, a magistrate judge was assigned to felony drug court cases as a pro tem district court judge. After Campbell successfully completed the drug court program, the state reduced the charges to two counts of petit theft and dismissed the charge of possession of a controlled substance. Campbell withdrew his guilty pleas to burglary and grand theft, and pled guilty to the two misdemeanor counts of petit theft. A sentencing hearing was held on the two misdemeanor counts with the judge noting that this was a continuation of the drug court matter. The state requested restitution in the amount of $15,393.63, to which Campbell objected. The same judge then presided over a series of restitution hearings and eventually entered a memorandum decision denying restitution because the amount of restitution had not been agreed upon in the plea agreement, rendering the plea agreement ambiguous. The state appeals.

## II.

## DISCUSSION

We initially address Campbell's assertion that although the notice of appeal states that the restitution order was directly appealable to this Court pursuant to Idaho Appellate Rule 11(c)(9), the order is not appealable under that rule because Campbell's charges were reduced to misdemeanors, thereby transforming the case to a misdemeanor proceeding before the magistrate court. However, because this case was initiated as a felony case, and was never transferred to the magistrate division, this argument has no merit. To the extent that Campbell is arguing that the

2

order appointing the magistrate to act as a pro tem district judge had expired and was invalid, that issue has been waived under Idaho Criminal Rule 2.2(d).[1] The appeal being properly before this Court, we address the restitution issue.

The state asserts that the district court erred in concluding that the plea agreement was ambiguous as to restitution for any uncharged crimes. Idaho's restitution statute allows restitution for "any crime which results in an economic loss to the victim." Idaho Code § 19-5304(2). The statute defines "victim" as "a person or entity, who suffers economic loss as the result of the defendant's criminal conduct." I.C. § 19-5304(1)(e). The term "economic loss" includes such things as "the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses" resulting from the criminal conduct. I.C. § 19-5304(1)(a).

Although the restitution statute does not authorize the imposition of restitution for economic losses not caused by the crime of which the defendant has been found guilty, a defendant may consent by way of a plea agreement to pay such costs. *State v. Shafer*, 144 Idaho 370, 373, 161 P.3d 689, 692 (Ct. App. 2007). A court may therefore, with consent of the parties, enter an order for restitution to the victim "for economic loss or injury for crimes which are not adjudicated or are not before the court." I.C. § 19-5304(9).

Plea agreements are contractual in nature and generally are examined by courts in accordance with contract law standards. *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005); *State v. Doe*, 138 Idaho 409, 410-11, 64 P.3d 335, 336-37 (Ct. App. 2003); *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct. App. 2002). The interpretation of an unambiguous plea agreement is a question of law and is reviewed *de novo*. *Fuhriman*, 137 Idaho at 744, 52 P.3d at 889.

Here, the district court determined that the plea agreement is ambiguous regarding the restitution amount, and that the record does not provide clarification as it is lacking "a clear

---

[1]    Idaho Criminal Rule 2.2(d) states in pertinent part:

     . . . [A]ll objections to the propriety of an assignment to a magistrate are waived unless a written objection is filed not later than 7 days after a notice setting the action for trial, pre-trial or hearing on a contested motion and before any contested matter has been submitted to the judge for decision.

description of an offer and acceptance to any agreement concerning the amount of restitution."

At the change of plea hearing on October 22, 2007, the following dialogue took place:

> [Prosecutor]: . . . There are about -- well, let's just say several other counts that could be charged. And we won't be filing on those based upon his plea to these three charges. He has, however -- and he has cooperated with law enforcement. I think [defense counsel] has probably the stack of -- are those the reports?
> [Defense counsel]: These are the reports, Your Honor --
> [Prosecutor]: Those are the uncharged reports, Your Honor. There's a number of things in Spokane County that Mr. Campbell has also identified. And so by that language we wanted him to admit to those other crimes so that we would have that ability to collect restitution if we needed to. It's my understanding that that wasn't going to be an issue since he had already worked with law enforcement on identifying that.
> [Defense counsel]: That's correct, Your Honor. It's also my understanding that most of the property has been recovered in those matters, but there may still be some items that have yet to be discovered.
>
>     . . . .
>
> [Prosecutor]: I think, if [defense counsel] were to just put this stipulation on the record that, as related to those other pending cases that have been resolved by Mr. Campbell's admission and cooperation with law enforcement, that we won't file on them. I didn't want to give the Court a laundry list of all of those other case numbers.
> [Court]: That's fine. I just wondered if there was some way to identify what it is he's admitting to.
> [Defense counsel]: Your Honor, I think that we could solve it by simply having Mr. Campbell admit responsibility for the conduct alleged in the supplemental discovery responses provided by the State including crimes both here in Idaho as well as Washington, and there's an agreement not to prosecute for those offenses in exchange for that. So basically about restitution.
> [Court]: Okay. Is that your understanding of the agreement, Mr. Campbell?
> [Campbell]: Yes, Your Honor.

Later, at the same hearing, Campbell admitted to uncharged crimes committed in Idaho and to allowing the state to collect restitution for those crimes:

> [Defense counsel]: The State provided us a third supplemental discovery response which contains about three inches worth of police reports. And it's apparently a situation where Mr. Campbell was involved in a series of crimes, all basically similar in nature. Mr. Campbell would be admitting to those events that occurred in the state of Idaho. And pursuant to that, the State would agree not to file charges based upon those events. The State obviously can't bind the State of Washington in regards to prosecution over there, and so Mr. Campbell's not going to be admitting to the Washington events.
> [Court]: Okay. All right. Mr. Campbell, you've heard your attorney's representation here, and I assume you've seen the reports he's referring to.

4

[Campbell]: Yes, I have.
[Court]: And are you willing to admit responsibility for the conduct attributed to you in those reports?
[Campbell]: Yes, Your Honor.
[Court]: And I understand that the State under the agreement has the right to seek restitution for those as well?
[Prosecutor]: Yes, Your Honor. As [defense counsel] has indicated, a majority of the property has been recovered, but we do want to reserve any right to restitution for those items not recovered.

The record reflects that Campbell specifically agreed that the state could collect restitution on the uncharged crimes. The fact that the exact amount of restitution was not determined at that time does not render the agreement to allow for restitution on uncharged crimes ambiguous. *See Shafer*, 144 Idaho at 374-75, 161 P.3d at 693-94 (holding that the inclusion of a provision contemplating restitution in an "amount to be determined" suggests that both parties anticipated that restitution would be paid in some amount, making the defendant responsible for paying the later determined amount). The agreement merely left the amount of restitution to be determined by the court if the parties could not later agree upon the amount.

To the extent the trial court ruled that specificity was lacking as to the designation of the uncharged crimes and/or victims, and as a result there was no consent to pay restitution for them, we disagree. Again, the record reflects that at the change of plea hearing defense counsel and Campbell expressly stated which uncharged crimes would be admitted to for purposes of restitution. Defense counsel acknowledged that the state provided them with a third supplemental discovery response that contained police reports of a series of similar crimes that occurred in Idaho and Washington that Campbell was involved in. Defense counsel then indicated that Campbell would be admitting to those crimes that occurred in Idaho, and not the crimes that occurred in Washington. When Campbell was asked whether he had seen the police reports, he answered in the affirmative. When asked if he was willing to admit responsibility for the crimes in the reports, Campbell responded that he was. Finally, upon the court's further inquiry, the prosecutor indicated that the state would have the right to collect restitution for any property that had not been recovered and stemmed from the uncharged crimes that Campbell admitted to. As is shown by the record, the statutory requirement of consent, I.C. § 19-5304(9), for the state to collect restitution for Campbell's uncharged crimes was fulfilled.

### III.
### CONCLUSION

The appeal emanating from the district court is properly before this Court where no transfer to the magistrate division occurred. The district court's order denying restitution was in error. No ambiguity exists on the terms for restitution on uncharged crimes considering both the written plea agreement and the transcript of the change of plea hearing. Accordingly, the order denying restitution is reversed and the case is remanded for further proceedings. On remand, the state will have the burden in proving any actual amount of restitution for the uncharged crimes specified in the third supplemental discovery response.

Chief Judge GRATTON and Judge LANSING **CONCUR**.