**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38289**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 682 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 2, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL JOHN EATINGER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order of restitution, affirmed.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

MELANSON, Judge

Michael John Eatinger appeals from the district court's order of restitution after Eatinger pled guilty to grand theft by possession of stolen property. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On March 19, 2010, police discovered two stolen all-terrain vehicles (ATVs) in the garage where Eatinger was staying. The ATVs had been disassembled and stripped of some of their parts. Eatinger was charged with grand theft by possession of stolen property, I.C. §§ 18-2403(4) and 18-2407(1), and with being a persistent violator, I.C. § 19-2514. Pursuant to an I.C.R. 11 binding plea agreement, Eatinger pled guilty to grand theft by possession of stolen property and the state dismissed the persistent violator allegation. The district court reviewed the plea agreement and questioned Eatinger regarding his understanding of its contents and the rights

he was surrendering. The district court also read the charging information to Eatinger and confirmed that he admitted the truth of the grand theft allegations contained therein. The district court then determined that Eatinger entered his guilty plea voluntarily and knowingly. Eatinger was sentenced, in accordance with the plea agreement, to a unified term of ten years, with a minimum period of confinement of three years, to run concurrent with a sentence imposed in another case. Thereafter, the district court ordered Eatinger to pay restitution to the victim. Eatinger appeals.

## II.

## ANALYSIS

Eatinger argues that the district court erred by ordering him to pay restitution for the economic loss incurred by the victim. Specifically, Eatinger argues that, because he did not participate in the original theft or dismantling and was charged only as a result of being in possession of the already-dismantled ATVs, he is not responsible for the damage caused to the ATVs because it did not result from the criminal conduct to which he pled guilty.

In concluding that Eatinger was responsible for restitution to the victim, the district court reasoned:

> Eatinger's position is that he did not take or dismantle the machines, but was simply in possession of them in their dismantled state. Thus, he argues, [the victim] is not the victim of his crime. The Court disagrees. Eatinger['s] plea was to "grand theft by possession." The Court is not required to take his testimony at face value, it being within the discretion of the court to judge credibility. The Court concludes that Eatinger's guilty plea is an admission that his conduct was part and parcel of the theft of [the victim's] machines. While others may have participated in the theft and dismantling, the reality is that Eatinger also participated in the course of criminal conduct that led to [the victim's] ultimate loss, even by being in possession of the machines, conduct to which he pled guilty in this case. The Court concludes that [the victim] was a victim of Eatinger's crime.

The decision whether to order restitution and in what amount is within the discretion of a district court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Russell*, 126 Idaho 38, 39, 878 P.2d 212, 213 (Ct. App. 1994). Idaho's restitution statute provides that a court shall order a defendant found guilty of any crime which results in an economic loss to the victim to

make restitution to the victim. I.C. § 19-5304(2). The statute defines "victim" to include a person or entity who suffers economic loss or injury as the result of the defendant's criminal conduct. I.C. § 19-5304(1)(e)(i). The statute defines "economic loss" as the value of property taken, destroyed, broken, or otherwise harmed; lost wages; and direct out-of-pocket losses or expenses resulting from the criminal conduct. I.C. § 19-5304(1)(a). As such, the Idaho Supreme Court recently stated that, "in order for a restitution order to be appropriate, there must be a causal connection between the conduct for which the defendant is convicted and the injuries suffered by the victim." *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011). Accordingly, this case requires us to first identify the conduct for which Eatinger was charged with--grand theft by possession of stolen property. Second, we must determine whether such conduct, which Eatinger pled guilty to in this case, was a cause of the victim's economic loss.

## A.     Conduct Underlying the Charge

Eatinger argues that he was charged with grand theft by possession of stolen property simply because he had possession of stolen ATV parts. However, that assertion is belied by the charge outlined in the information and Eatinger's guilty plea. A valid guilty plea, voluntarily and knowingly given, is a judicial admission of all facts charged by the indictment or information. *Corbus*, 150 Idaho at 604, 249 P.3d at 403; *State v. Coffin*, 104 Idaho 543, 546, 661 P.2d 328, 331 (1983). The charging information here, which the district court read aloud to Eatinger at the change of plea hearing, alleged that Eatinger was accused of grand theft by possession of stolen property because he possessed two stolen ATVs. By voluntarily and knowingly entering a guilty plea to this charge in the information, Eatinger admitted that he was guilty of the charge because he possessed two stolen ATVs and not simply ATV parts.

Additionally, at the change of plea hearing, Eatinger stated:

> I was on the run from parole and I met this guy, and he was letting me stay in his shop. And he had this four-wheeler and trailer, said that he got them from the owner because the guy that he got them from, he and his wife were getting a divorce and the wife was going to take them if he didn't park the four-wheelers out and give them to him. So I helped him do it.

Given the context, the word "park" in the transcript may be a transcriptional error and should instead read "part." If the word "park" is a transcriptional error, Eatinger's statements provide evidence that, once Eatinger came into possession of the ATVs, he helped dismantle them. This would amply support this Court's conclusion that Eatinger caused the victim's economic loss.

3

However, even if the word "park" is not a transcriptional error, Eatinger's statements provide evidence that, when he came into possession of the ATVs, they were complete enough to park and were not in a dismantled state. Therefore, the conduct for which Eatinger was charged was possession of two stolen ATVs and not simply possession of ATV parts.

## B.     Causal Connection

We next address whether there was a causal connection between Eatinger's conduct of possessing two stolen ATVs and the economic loss suffered by the victim. In determining whether such a causal connection exists, the Idaho Supreme Court recently stated that both actual cause and true proximate cause must be analyzed. *Corbus*, 150 Idaho at 602, 249 P.3d at 401. In *Corbus*, the Court explained that in analyzing actual cause, the "but for" test--which involves the question of whether the victim's damage would not have occurred but for the defendant's criminal conduct--is used in circumstances where there is only one actual cause or where two or more possible causes were not acting concurrently. *Id*. at 602-03, 249 P.3d at 401-02. In analyzing proximate cause, the Court explained that the injury and manner of occurrence must not be so highly unusual that a reasonable person, making an inventory of the possibilities of harm which his or her conduct might produce, would not have reasonably expected the injury to occur. *Id.* at 602, 249 P.3d at 401.[1]

In this case, as Eatinger admitted at the restitution hearing, the stolen ATVs were being dismantled *while he possessed them*. Consequently, Eatinger's criminal conduct of possessing the stolen ATVs was the actual cause of the victim's damage. Further, it is a common occurrence for stolen vehicles to be parted-out and sold. Accordingly, Eatinger's criminal

---

[1]     In *Corbus,* police officers observed Corbus driving 60 mph in a 35 mph zone, entered their police vehicles, and activated the overhead lights. *Corbus*, 150 Idaho at 601, 249 P.3d at 400. A chase ensued and Corbus reached speeds in excess of 100 mph. *Id.* When Corbus slowed to approximately 50 mph, the passenger in Corbus' front seat jumped out of the vehicle and suffered injuries. *Id.* The Court determined that Corbus' conduct was the actual cause of the passenger's injuries because but for Corbus' act of speeding and then eluding and failing to stop, his passenger would not have jumped from the car and been injured. *Id.* at 603, 249 P.3d at 402. The Court also determined that Corbus' criminal conduct was the proximate cause of the passenger's injuries because it was a reasonably-foreseeable consequence of such conduct that the passenger would jump from the vehicle and sustain injuries to avoid a potentially serious car accident. *Id.* at 605, 249 P.3d at 404. The Court held that there was a sufficient causal connection between Corbus' criminal conduct and his passenger's injuries to affirm the district court's order of restitution. *Id.* at 606, 249 P.3d at 405.

conduct was the proximate cause of the victim's damage because it was a reasonably-foreseeable consequence of such conduct that the ATVs would be dismantled. Therefore, even if Eatinger did not actually participate in the dismantling of the ATVs, he should have foreseen that such harm could result from his act of possessing the stolen ATVs.

In support of Eatinger's argument that he is not responsible for the damage caused to the ATVs because it did not result from the criminal conduct to which he pled guilty, Eatinger relies in part on *State v. Shafer*, 144 Idaho 370, 161 P.3d 689 (Ct. App. 2007). In *Shafer*, the defendant pled guilty to a felony charge of leaving the scene of an injury accident and the district court awarded restitution for the accident victim's injuries. *Id.* at 371, 161 P.3d 690. This Court held that, inasmuch as the victim did not suffer additional or aggravated injuries as a result of Shafer's criminal act of fleeing the scene of the accident, restitution for the injuries suffered in the accident itself were improper. *Id.* at 372-73, 161 P.3d at 691-92. Eatinger also relies on cases from several other jurisdictions to support his argument.[2]

We first note that this case is distinguishable from the facts of *Shafer*. As described above, *Shafer* concerned an inappropriate award of restitution for injuries caused before, and not as a result of, the defendant's criminal conduct. In this case, the district court awarded restitution for damage caused after, and as a result of, Eatinger's charged criminal conduct. Similarly, this case is distinguishable from the facts of cases from other jurisdictions that Eatinger relies upon to support his argument. Those cases all concerned an improper award of restitution for damages

---

[2]  *See Nelson v. State*, 628 P.2d 884, 895 & n.12 (Alaska 1981) (defendants not liable for restitution for items involved in a series of burglaries not recovered from the defendants, but liable for an award of restitution to the extent of any damage done to the stolen goods they received and concealed); *Erickson v. State*, 821 P.2d 1042, 1043 (Nev. 1991) (defendant could not be required to pay restitution for losses suffered by victims of offenses that the state dismissed as part of a plea bargain or had never charged to defendant); *State v. Madril*, 733 P.2d 365, 367 (N.M. Ct. App. 1987) (defendant charged with intentionally receiving stolen property could not be required to pay restitution for unrecovered property taken in the burglary when defendant was not charged with burglary and denied any involvement); *State v. Pippin*, 496 N.W.2d 50, 53 (N.D. 1993) (defendant convicted of possession of stolen property taken in burglaries could not be held liable to make restitution for expenses victims incurred in repairing and cleaning their homes or for unrecovered personal property or cash related to the burglary, but defendant could be ordered to make restitution if stolen property she possessed was returned damaged to its owners as a result of her offense); *State v. Barnett*, 3 A.2d 521, 525 (Vt. 1939) (restitution must be for loss sustained as a direct consequence of the commission of the particular crime for which defendant was convicted).

that did not result from the offenses for which the defendants were charged. Again, the victim here suffered economic loss after, and as a result of, Eatinger's criminal conduct of possessing two stolen ATVs--conduct for which he was charged and pled guilty to in this case. We conclude that there was a causal connection between the conduct for which Eatinger was charged, and pled guilty to in this case, and the victim's economic loss. Accordingly, the district court did not abuse its discretion when it ordered Eatinger to pay restitution for the victim's economic loss.

## III.
## CONCLUSION

The district court did not abuse its discretion by ordering Eatinger to pay restitution to the victim for the economic loss the victim suffered as the result of Eatinger's criminal conduct. Therefore, the district court's order of restitution is affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**