IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 41104

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 403 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 6, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| E.J. WENDELL BOSLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order of restitution, affirmed.

John M. Adams, Kootenai County Public Defender; Jay Logsdon, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

E.J. Wendell Bosley appeals from the district court's order of restitution entered upon his plea of guilty to disturbing the peace. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

The following facts were elicited at a preliminary hearing and are disputed by Bosley. In February 2012, the victim and two friends walked along a street in downtown Coeur d'Alene. All three had been drinking. Bosley, also walking down the street, began conversing with the three. The conversation turned to football and the victim said some negative things about a team Bosley liked. Bosley became angry and punched the victim in the head. The victim fell to the ground and struck her head against the pavement. One of the victim's friends attended to her while the other began to fight Bosley. When police arrived, one of the friends reported the foregoing facts to officers. However, the victim indicated she had not been hit and did not want

1

to press charges.  The victim lacked any memory of the incident--she remembered talking about football and then being on the sidewalk talking to officers.  The following day, the victim went to the hospital and was treated for a head injury.

The state charged Bosley with aggravated battery.  I.C. §§ 18-903(a), 18-907(a).  Bosley agreed to plead guilty to an amended charge of disturbing the peace, I.C. § 18-6409, and agreed to pay restitution.  The district court imposed a sentence of 180 days in jail.  The district court suspended 170 days and allowed Bosley to work 40 hours in the community labor program in lieu of the remaining 10 days in jail.  The state requested restitution in the amounts of $400 for wages lost by the victim due to missed work and $2730 for nonrefundable tuition payments made for classes the victim was unable to attend.  Bosley filed a written objection and requested a hearing with respect to the proposed $2730 for tuition.

At the hearing, the victim testified and the state presented evidence supporting the $2730 restitution request.  Bosley argued the district court should decline to award this amount because there was no causal nexus between the injuries sustained by the victim and the crime Bosley pled guilty to (disturbing the peace).  Bosley also argued the tuition payments were an expense the victim would have incurred regardless of whether she sustained the injury.  The district court ruled that, pursuant to the plea agreement, Bosley consented to pay the victim restitution for the injuries to her head and the losses therefrom.  The district court also found the tuition payments to be economic losses resulting from the attack and entered a restitution order in the amounts requested by the state.  Bosley appeals.

## II.

## ANALYSIS

Bosley contends the district court erred by determining he consented to pay restitution for losses not caused by his admitted criminal conduct.  Specifically, Bosley contends the only conduct he pled guilty to was "noise-making."  The state argues the terms of Bosley's plea agreement required him to pay restitution for economic losses the victim suffered as a result of the attack.

### A.  Economic Loss Resulting from Bosley's Criminal Conduct

Idaho's restitution statute generally requires restitution orders for "any crime which results in an economic loss to the victim," I.C. § 19-5304(2), unless the parties consent to a broader restitution order.  *See* I.C. § 19-5304(9).  Any restitution amount awarded under Section

19-53011(2) must be causally related to the crime. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011). The statute defines "victim" as "a person or entity, who suffers economic loss or injury as the result of the defendant's criminal conduct." I.C. § 19-5304(1)(e). The term "economic loss" includes such things as "the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct." I.C. § 19-5304(1)(a). Except where the parties have consented, a defendant cannot be required to pay restitution for damages stemming from separate, uncharged, and unproven crimes. *State v. Shafer*, 144 Idaho 370, 372, 161 P.3d 689, 691 (Ct. App. 2007); *State v. Richmond*, 137 Idaho 35, 38, 43 P.3d 794, 797 (Ct. App. 2002).

Here, Bosley pled guilty to disturbing the peace under I.C. § 18-6409. This statute provides, in part:

> Every person who maliciously and willfully disturbs the peace or quiet of any neighborhood, family or person, by loud or unusual noise, or by tumultuous or offensive conduct, or by threatening, traducing, quarreling, challenging to fight or fighting, or fires any gun or pistol, or uses any vulgar, profane or indecent language within the presence or hearing of children, in a loud and boisterous manner, is guilty of a misdemeanor.

I.C. § 18-6409(1). The state's amended information alleged that Bosley, "did willfully and maliciously disturb the peace and/or quiet of [the victim] by tumultuous conduct, offensive conduct, threatening, quarrelling, fighting and/or challenging to fight." Therefore, fighting is both a statutory basis for a charge of disturbing the peace and a ground alleged by the state in its information. Bosley pled guilty to this charge and expressly agreed to pay restitution. At the restitution hearing, the victim testified that, as a result of the incident, she hit her head and suffered a subcranial brain aneurysm. The state did not present evidence that Bosley violated I.C. § 18-6409 in any way except for the punch to the victim's head. Nor did Bosley present any evidence that indicated he violated I.C. § 18-6409 in any other manner. Therefore, Bosley's criminal act of disturbing the peace encompassed the punch to the victim's head (fighting). Thus, the district court did not err in awarding restitution for the nonrefundable tuition payments.[1]

---

[1] The district court did not rule on whether the head injury could have resulted from Bosley disturbing the peace. However, where a ruling in a criminal case is correct, though based upon

**B.      Consent to Pay Restitution**

An alternative ground to affirm the order for restitution is consent.  Plea agreements are contractual in nature and generally are examined by courts in accordance with contract law standards.  *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005); *State v. Doe*, 138 Idaho 409, 410-11, 64 P.3d 335, 336-37 (Ct. App. 2003); *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct. App. 2002).  In interpreting the provisions of a contract, a court must first determine whether those terms are ambiguous or unambiguous as the application of an unambiguous term is a question of law while the interpretation of ambiguous language presents a question of fact as to the parties' intent.  *Doe*, 138 Idaho at 410-11, 64 P.3d at 336-37.  Because the question whether a plea agreement is ambiguous is an issue of law, it is reviewed de novo.  *Fuhriman,* 137 Idaho at 744, 52 P.3d at 889.

Even assuming the plea agreement here is ambiguous in that it could cover distress caused by loud noises created by Bosley or, in the alternative, the head injury, Bosley's argument still fails.  In interpreting an ambiguous contractual term, the fact-finder must attempt to "discern the intent of the contracting parties, generally by considering the objective and purpose of the provision and the circumstances surrounding the formation of the agreement."  *State v. Allen*, 143 Idaho 267, 272, 141 P.3d 1136, 1141 (Ct. App. 2006).  If possible, ambiguous language in plea agreements should be resolved in favor of the defendant.  *Fuhriman*, 137 Idaho at 745, 52 P.3d at 890; *State v. Cole*, 135 Idaho 269, 272, 16 P.3d 945, 948 (Ct. App. 2000).  On appeal, however, we defer to a trial court's findings of fact unless they are clearly erroneous.  *State v. Hawkins*, 131 Idaho 396, 400, 958 P.2d 22, 26 (Ct. App. 1998).  Such findings are clearly erroneous only if they are unsupported by substantial and competent evidence.  *State v. Thomas*, 133 Idaho 682, 686, 991 P.2d 870, 874 (Ct. App. 1999).

In this case, the district court found Bosley agreed to pay restitution for the head injury to the victim.  There is substantial and competent evidence to support this finding.  The victim testified at the preliminary hearing and the restitution hearing to sustaining one physical injury--the subcranial brain aneurysm.  The victim did not testify to any distress caused by loud noises made by Bosley.  Nor did Bosley testify to engaging in any conduct resulting in loud

---

an incorrect reason, it still may be sustained upon the proper legal theory.  *State v. Pierce,* 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct. App. 1984).

noises. The only alleged conduct was a punch by Bosley and a head injury sustained by the victim. Bosley's concession to pay $400 for lost wages also undermines his interpretation of the plea agreement. It would be illogical for Bosley to agree to pay restitution for lost wages of the victim if the only conduct he admitted to was making loud noises that caused the victim distress. Additionally, Bosley did not file an affidavit indicating he harbored a contrary understanding of the plea agreement. *See Schafer*, 144 Idaho at 374, 161 P.3d at 693.

Bosley also argues the plea agreement itself demonstrates he did not intend to compensate the victim for the head injury and resulting losses. This is because, in the plea agreement, restitution for the victim's lost tuition payments was crossed off and marked "subject to hearing." This argument lacks merit. The provision providing that Bosley pay $400 for the victim's lost wages is also crossed off--a provision Bosley concedes he owes restitution for. Bosley does not explain why he would owe restitution for one crossed off provision but not the other. In viewing the plea agreement, it appears both amounts were crossed off after the parties agreed to have a hearing to determine the amount of restitution. Regardless, we put little weight on these crossed-off terms. The district court's finding that Bosley agreed to pay restitution for the head injury to the victim and the resulting losses is supported by substantial and competent evidence and, thus, is not clearly erroneous.[2]

### III.
### CONCLUSION

Bosley pled guilty to conduct which resulted in a head injury to the victim. Further, even if the conduct was not covered under I.C. § 18-6409, Bosley consented to pay restitution for the injury to the victim's head and the resulting losses. Accordingly, we affirm the district court's order of restitution.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

---

[2] Bosley does not challenge the district court's determination that these tuition payments constitute economic loss resulting from the head injury and we express no opinion on the correctness of that determination.

5