# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51364

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 21, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MITCHELL AARON CORNWELL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Order of restitution, <u>reversed</u> and <u>case remanded</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Mitchell Aaron Cornwell appeals from the district court's judgment of conviction and order of restitution. Cornwell contends that restitution for damage to fixtures could not be ordered based on his conviction for failure to provide information. We reverse and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Cornwell drove his employer's semi-truck and trailer into a power pole owned by Idaho Power Company. The State charged Cornwell with felony operating a vehicle without the owner's consent, Idaho Code § 49-227, and misdemeanor failing to notify upon striking fixtures, I.C. § 49-1304. A jury acquitted Cornwell of the felony but found him guilty of failing to notify. The State requested that the district court order restitution to Idaho Power in the amount

1

of $2,373.34. After briefing and hearings, the district court ordered Cornwell to pay the restitution requested. The district court's judgment includes the order of restitution. Cornwell appeals.

## II.

## STANDARD OF REVIEW

Idaho Code § 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Torrez*, 156 Idaho at 120, 320 P.3d at 1279. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

## III.

## ANALYSIS

Cornwell claims the district court did not act consistently with the applicable legal standards and did not exercise reason when it ordered him to pay Idaho Power $2,373.34 in restitution. Cornwell argues that since his conviction was for failing to provide information in an accident involving fixtures, as opposed to causing the accident, his criminal conduct did not cause economic loss for which restitution may be ordered.

Idaho Code § 19-5304(2) allows a court to "order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim." For purposes of Idaho's restitution statute, a "victim" includes any "person or entity, who suffers economic loss or injury as the result of the defendant's criminal conduct," and "economic loss" includes, among other things, "the value of property taken." I.C. § 19-5304(1)(a), (e)(i). Accordingly, for such an order "to be appropriate, there must be a causal connection between the conduct for which the

2

defendant is convicted and the injuries suffered by the victim." *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011).

The State alleged that:

> the Defendant, MITCHELL AARON CORNWELL, on or about September 19, 2021, in the County of Twin Falls, State of Idaho, was the driver of a vehicle involved in an accident resulting in damage to fixtures or other property, to-wit: an Idaho Power pole, legally upon or adjacent to a highway at 925 Broadway Avenue North, Buhl, Idaho, and failed to take reasonable steps to locate and notify the owner or person in charge of the property of the fact, of his name and address, the name of his insurance agent or company if he has automobile liability insurance, the motor vehicle registration number of the vehicle he is driving, and upon request and if available, exhibit his driver's license, in violation of Idaho Code Section 49-1304.

Idaho Code § 49-1304, entitled DUTY UPON STRIKING FIXTURES UPON OR ADJACENT TO A HIGHWAY, provides:

> The driver of any vehicle involved in an accident resulting in damage to fixtures or other property legally upon or adjacent to a highway shall take reasonable steps to locate and notify the owner or person in charge of the property of the fact, of his name and address, the name of his insurance agent or company if he has automobile liability insurance, the motor vehicle registration number of the vehicle he is driving, and upon request and if available exhibit his driver's license.

During trial, Cornwell testified that he struck a power pole with a trailer attached to a semi-truck that he was driving. Cornwell admitted that he knocked over the power pole with his vehicle, exited his vehicle, observed the power pole had been taken down, re-entered the truck, and then drove away. Cornwell acknowledged that he did not contact the police or the owner of the power pole at any point before or after leaving the scene. Finally, defense counsel informed the jury during closing argument that Cornwell was guilty of the charge.

Cornwell claims that since his criminal act was leaving the scene and failing to provide information, not being involved in the accident itself, no economic loss resulted from or was caused by that act as required by I.C. § 19-5304(7). Thus, there was no causal connection between the conduct for which Cornwell was convicted (failing to provide information) and the injuries suffered by Idaho Power (damage to the power pole). Consequently, Cornwell argues the district court failed to act consistently with the legal standards in ordering restitution to Idaho Power.

In *State v. Shafer*, 144 Idaho 370, 161 P.3d 689 (Ct. App. 2007), this Court addressed whether restitution is appropriate in a case involving leaving the scene of an injury accident,

I.C. § 18-8007. *Shafer*, 144 Idaho at 371, 161 P.3d at 690. We held that, to prosecute the offense, the State need not prove that the defendant was responsible for the accident, and a guilty plea for leaving an injury accident is not an admission of fault in the accident itself. A driver may be guilty of leaving the scene when the other driver is wholly responsible for the accident. Under such circumstances, it would not only be unauthorized by I.C. § 19-5304, but also unjust to impose upon a defendant liability for economic loss caused by the accident. *Shafer*, 144 Idaho at 373, 161 P.3d at 692. The Court concluded that leaving the scene and failing to provide information and assistance did not cause the injuries and property damage suffered by the other driver.

The district court distinguished *Shafer*, noting that this Court italicized the word "responsible" in holding: "To prosecute this offense, the State need not prove that the defendant was *responsible* for the accident, and a guilty plea to leaving an injury accident is not an admission of fault in the accident itself." *Id*. Shafer pled guilty to leaving the scene of an injury accident but did not admit causing the accident. The district court held that because Cornwell admitted that he was responsible for causing the damage to the power pole, *Shafer* was distinguishable. The State adopts the district court's reasoning.

Cornwell argues that the rationale of *Shafer* applies equally to a defendant convicted of failing to notify upon striking a fixture under I.C. § 49-1304 as to a defendant convicted of leaving the scene of an accident resulting in injury or death under I.C. § 18-8007. Both statutes impose certain duties on drivers "involved in" accidents. Cornwell asserts that I.C. § 49-1304 applies to the driver of any vehicle involved in an accident resulting in damage to fixtures regardless of whether that driver was responsible for the accident or not. It is the failure to perform the prescribed duties arising after the accident that creates criminal liability under the statutes, not the accident itself. Since the accident must always precede the criminal conduct of leaving the scene of that accident and failing to provide information, the damages from the accident cannot be a result of that later criminal conduct. We agree.

As the *Shafer* Court held, to prosecute the offense the State need not prove that Cornwell was responsible for the accident. *Shafer*, 144 Idaho at 373, 161 P.3d at 692. In *State v. Eddins*, 156 Idaho 645, 330, 391 (Ct. App. 2014), we described the holding in *Shafer*, stating:

> The accident and resulting injury, by necessity, occurred *before* Shafer committed the offense of leaving the scene of the accident. Accordingly, the victim's injuries would have occurred irrespective of Shafer's later criminal conduct. Because the

4

injuries would have occurred without the defendant's subsequent culpable conduct, the criminal offense did not cause the injury.

*Id*. at 651, 330 P.3d at 397. While the courts in *Eddins* and *Corbus*[1] determined that the circumstances there provided a nexus between the charged conduct and the harm, this case presents no circumstances different in kind from *Shafer* which would establish causation from the failure to provide information and the harm to the power pole. Additionally, although the *Shafer* Court stated that "a guilty plea for leaving an injury accident is not an admission of fault in the accident itself," *Shafer*, 144 Idaho at 373, 161 P.3d at 692, we do not read this statement as providing authority to award restitution, not otherwise provided, because of an admission of responsibility. Thus, the district court erred in awarding restitution for the damage to the power pole.

## IV.

## CONCLUSION

The district court erred in awarding restitution for damage to the power pole. Therefore, the award of restitution in the judgment of conviction and the order of the district court awarding restitution to Idaho Power in the amount of $2,373.34 are reversed and the case is remanded to the district court.

Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[1] *See also State v. Cottrell*, 152 Idaho 387, 390, 271 P.3d 1243, 1246 (Ct. App. 2012).